Hemphill, Ch. J.
An exception that the petition is insufficient to maintain the action is not in form in accordance with a correct practice. The application for a certiorari being ex parte, the defendant may, at the first term after the return of the writ, move that it be dismissed, on the ground that it lias been improvidently issued, that the petition does not show error in the proceedings before the justice, ami on other grounds specified in the opinion delivered in the case of O’Brien v. Dunn, decided at the late term in Galveston, *123 The demurrer was, however, regarded as a motion to dismiss, and the judgment for tiie defendant on the demurrer is equivalent to a judgment dismissing the petition on motion.
That the statute did not commence running until the return of the deceased to the State is manifest from the twent.y-second section of the act of limitations of 1841. (Article 2895, Hart. Dig.) This declares that if any person against whom there is or shall be cause of action is or shall be without the limits of the Republic at the time of the accruing of such action, or at any time during which the same may have been maintained, the action may be brought after the return of such person ; and the time of his absence shall not be taken or accounted as a part of the time limited by this act. The statute in this case commenced its operation in the spring of 184S, and continued, notwithstanding the death of the intestate, to run so as to form a complete bar before the commencement of this suit, on the principle controlling the decisions in the cases of Tyson, Adm’x, v. Britton (ante, p. 222) and of Chevallier v. Durst, (ante, p. 239,) viz, that where the statute commences to run, its course is not impeded by the death of the parties or by their falling under any of its disabilities or protections, unless there be an express legislative exception to that effect; as, for instance, a debtor’s absenting himself from the country during the running of the statute will, by the tenor of the secLion above cited, suspend the limitations.
The rule as known to countriesgoverned by the common law, that if the cause of action had not accrued before the death of a party charged the limitation will not commence until the appointment of his representative, as well as the rule that if had begun before his death it shall continue its course uninterrupted until completed, originated in judicial construction, and must yield to express legislative provision ; and absence will, therefore, suspend the act, notwithstanding the disability may have supervened after the commencement of the limitation.
Another legislative exception to the rule, against the effect of supervening disabilities is in case of the death of a debtor or creditor owing or holding claims of the character specified in the third section of the act of limitations.If the death occur before the expiration of the term of limitation, the statute is suspended for the space of one year; and the only question presented by the facts of the ease is whether this claim or any portion of it should have the benefit of this provision. On examination of the section it is found to be confined exclusively to accounts for goods, wares, and merchandise, or for articles charged in any store account. The l'atter clause qualifies the former, and gives it a more restricted but a precise and definite signification'. It is true that goods, wares, and merchandise, in their popular acceptation, are taken to mean only commodities bought and sold in stores or shops for the sale of wares' and merchandise by wholesale or retail. But the term goods has a more extended meaning than wares and merchandise; and therefore,-to guard against misconstruction, the Legislature lias limited the accounts to articles charged in a store account. This language is too,perspicuous to be misunderstood, and is equivalent to the customary phrase of'accounts for store goods. The creditor is in the fourth section expressly denominated a merchant or trader, and the exception can operate only in favor of such persons.
The claim in the ease, under review is not for articles charged in a store account, but for medicines and medical services delivered and rendered in the practice of his profession. A physician may act in the capacity or calling of a druggist, and might avail himself of the exception in favor of articles charged in liis drug-store account- I-Ie would then fall within the denomination of a merchant or trader, and be entitled to the protection extended to persons embraced in such classification. It cannot be pretended that the creditor in this case is a merchant or trader. lie is a physician, and furnished his medicines to his patients in the same way that lie rendered his services, viz, ns incidents of Ilia profession. Physicians who practice in villages and in the country are generally supplied with a small slock of medicines,'not for the pnrpor- “f dealing *124 in them, .ns apothecaries or vendors of drugs, but for the supply of their patients, and as essential ingredients of the professional aid and assistance which they are expected to render and make efficient. The medicines furnished nniler such circumstances cannot be denominated articles charged in a store account. The drugs administered to patients are among the instruments by which the allopathic physician attempts to arrest tiie disease and restore the health of his patient, and when furnished in the discharge of his profession bear no more similitude to articles charged in a store account than do the infinitesimal doses of tiie homeopathist, or the cold baths, wet sheets, and bandages of the bydropatbist. If the agents employed by one class of physicians can claim a special privilege as wares and merchandise, so should those applied by other classes to producé tiie like effect.
There is a reason for construing the section strictly, independent of the perspicuity of tiie language. The debtor who contracts a store account- must remain rooted to tiie spot where the debt was made, or if bo removes from (be county must publish his intention at the court-house ten days previous to his removal, otherwise no act of limitation will run In his favor. I am not. advised that any such provision exists in tiie laws of other States or countries, nor am I aware of any special ground for its application to the debtors of merchants in this State. Its eventual operation miglitpossibly bevery.severe. If the population of any civilized State having fixed habitations and cultivating the soil can be styled ambulatory, the designation will apply with felicitous force to a large class of tiie citizens of Texas. The reasons'for this are various. The lands owned by many do not, as in old States, lie in one body, but extend into various counties more or less remote from each other, and are frequently to be found as well on tiie Sabine as the Rio Grande. The hostilities of tiie Mexican and savage frequently prevented tiie owners from taking possession of their lands, and as often drove-them from the frontier to enjoy the security and tranquility of the interior. Tiie country presents immense bodies of fertile lands, and such diversified attractions and advantages, that many cannot dom-iciliate themselves permanently until they test by experience the peculiar advantages of the various sections of the territory.
But it is useless to assign tiie causes for the frequent removals of the citizens from one county or section of the State to another; the fact is unquestionable.
This section, if strictly construed, would subject every citizen who since the month of February, 1841, has removed from one county to another to tiie possibility of a suit on every store account which he may iiave contracted at any time within two years antecedent lo his removal, and to a recovery, unless he have preserved his receipts or can prove payment, or unless tiie fact that he has posted himself at the seat of justice can be proven. What force would be judicially given to such defenses as staleness of demand, knowledge of the residence of the defendant, presumption of payment, &c., cannot be ascertained until the questions are presented for decision. The law declares that no act oE limitations shall run unless the advertisement has taken place, and his defense must rest on other grounds than those extended to all other classes of debtors by the statute. Of the thousands who have removed from one county to another within the last ten years there is scarcely one who has published his intention, and this neglect* might, in certain contingencies, work incalculable injury.
I will not pursue this strain of observation. The provision is obnoxious to censure, in fact to utter condemnation. Persons intending to remove would, if indebted, find it convenient by public notice to request their creditors to present their claims for payment. But the statutory provision, if known at all, would induce them to hesitate. An administrator may very well declare by publication that unless claims are presented against the succession they will he barrial. But where is the debtor who would willingly advertise on the court-house door that he is about to remove, amid the sneers of the community; *125 that the act is done, not to give ids creditors fair warning-, or even to obtain the benefit of a past limitation, hut that the statute may not be impeded, so that in the course of six or twelve months a bar against his store debts may be completed? And this advertisement is just as essential where he has paid his debts of less than two years’ standing as where he lias not paid them before removal. In either event he must preserve his receipts or be liable to suit for an indefinite period, and the debtor might possibly, for his own security, be compelled to institute suit. If a merchant die with outstanding accounts upon which the credits had been obliterated or were not entered, would not the administrator, upon a literal construction of the statute, be bound to sue upon accounts of even ten years’ standing or more, if the debtor had removed to an adjoining county within two years after the debts had been contracted?
Note 40. Steinlein v. Dial, 10 T., 268; Ables v. Pearle, 10 T., 285; Jordan v. Slaughter, 10 T., 318; Mowery v. Lawson, 12 T., 31; Holt v. McCasky. 14 T., 229; Gabel v. Houston, 29 T., 335.
Note 41.—Chevallier v. Durst, ante, 239; Tyson v. Britton, ante, 222.
The severity with which this provision in favor of merchants or traders may be made to operate would, if the language were ambiguous, invoke rigorous rules of construction. But the terms are too plain to be misunderstood. The account in this case is clearly not within the class of claims provided for by the 3d section; and the statutory bar having been completed before suit, the writ was properly dismissed; and it is ordered, adjudged, and decreed that the judgment be affirmed.
Judgment affirmed.